UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| LOUIS P. FROMER,<br><br>    Petitioner,<br><br>    v.<br><br>WARDEN,<br><br>    Respondent. | CAUSE NO. 3:21-CV-260-MGG |

OPINION AND ORDER

Louis P. Fromer, a prisoner without a lawyer, filed a habeas corpus petition challenging the disciplinary decision (ISP-19-10-20) at the Indiana State Prison in which a disciplinary hearing officer (DHO) found him guilty of assaulting a staff member in violation of Indiana Department of Correction Offense 102. Following a hearing, he was sanctioned with the loss of ninety days credit time.

Fromer argues that he is entitled to habeas relief because correctional staff denied his request for video recording evidence and his request for statements from Lieutenant Moon, Sergeant Woods, and Captain Tibbles. The Warden responds that Fromer did not request any evidence at screening. "[T]he inmate facing disciplinary proceedings should be allowed to call witnesses and present documentary evidence." *Wolff v. McDonnell*, 418 U.S. 539, 566 (1974). However, "[p]rison officials must have the necessary discretion to keep the hearing within reasonable limits and to refuse to call witnesses that may create a risk of reprisal or undermine authority, as well as to limit access to other inmates to collect statements or to compile other documentary

evidence." *Id.* Contrary to Fromer's argument, the administrative record contains a statement from Sergeant Woods and a video recording summary indicating a lack of camera coverage at the precise location where the battery occurred. ECF 9-6; ECF 9-7. Further, even assuming that correctional staff denied the request for statements from Lieutenant Moon or Captain Tibbles, Fromer does not explain what these correctional officers would have said or how it would have affected the outcome of the disciplinary hearing. Because it is unclear how denying the request for witness statements from Lieutenant Moon or Captain Tibbles amounts to more than harmless error, this claim is not a basis for habeas relief.

Fromer argues that he is entitled to habeas relief because the correctional officer issued the conduct report in retaliation for filing grievances and lawsuits. "Prisoners are entitled to be free from arbitrary actions of prison officials. The protections against this arbitrary action, however, are the procedural due process requirements as set forth in *Wolff v. McDonnell*, 418 U.S. 539 (1974)." *Hanrahan v. Lane*, 747 F.2d 1137, 1140 (7th Cir. 1984) "[R]etaliatory motive in the filing of a disciplinary charge is not a ground for relief if the subsequent disciplinary proceedings are held in accordance with due process." *Lee v. Berge*, 14 F. App'x 690, 693 (7th Cir. 2001). Therefore, the claim of retaliation is not a basis for habeas relief.

In sum, Fromer has not demonstrated that he is entitled to habeas relief, and the habeas petition is denied. If Fromer wants to appeal this decision, he does not need a certificate of appealability because he is challenging a prison disciplinary proceeding. *See Evans v. Circuit Court*, 569 F.3d 665, 666 (7th Cir. 2009). However, he may not

proceed in forma pauperis on appeal because the court finds pursuant to 28 U.S.C. § 1915(a)(3) that an appeal in this case could not be taken in good faith.

For these reasons, the court:

(1) DENIES the habeas corpus petition (ECF 1);

(2) DIRECTS the clerk to enter judgment and close this case; and

(3) DENIES Louis P. Fromer leave to proceed in forma pauperis on appeal.

SO ORDERED on February 1, 2022

s/ Michael G. Gotsch, Sr.  
Michael G. Gotsch, Sr.  
United States Magistrate Judge